**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. Ronald Barefield | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Defendants' Motion for Summary Judgment**

     Pending before the Court is Defendants' Motion for Summary Judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS Defendants' Motion for Summary Judgment.

I.     <u>Background</u>

     On October 25, 2005, the City of Los Angeles Housing Authority ("HACLA") sent the Santa Monica Housing Authority ("SMHA") a "portability packet" on behalf of Roy Sudduth ("Plaintiff"), who, at that time, was a participant in the City of Los Angeles' Section 8 Housing Choice Voucher Program (the "Program").[1] *Preciado Decl.* ¶ 2; *Lansing Decl.* ¶5. In his portability packet, Plaintiff requested that his public housing assistance be "ported"—that is, transferred—to the SMHA in the hopes of relocating to Santa Monica. *Preciado Decl.* ¶ 2. In his packet, Plaintiff also requested a two-bedroom apartment. *Id.* at ¶ 3.

     Anna Preciado ("Preciado"), a housing specialist with SMHA, reviewed Plaintiff's portability packet to determine his eligibility for the requests he made under the Program. *Id.* at

---

[1]According to the defendants in this action, the SMHA is a department in the City of Santa Monica that lacks the capacity to sue or be sued. Thus, the City of Santa Monica is the proper party defendant. For purposes of this Motion, both the City and the SMHA are referred to as the SMHA.

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|----------|----------------------|------|--------------------|
| Title | Roy Sudduth v. Ronald Barefield | | |

¶¶ 1 & 3; *Lansing Decl.* ¶ 5.  Under the SMHA's Administration Plan, Plaintiff, as a one person household, was entitled to a studio apartment or, at most, a one bedroom apartment, absent medical need for a second bedroom.  *Preciado Decl.* ¶ 17.  Because Plaintiff had requested a second bedroom, Preciado checked to see if he had provided verification from a third party of his medical need in compliance with the applicable federal regulations.  *Id.* at ¶ 3.  As it turns out, such third party verification was missing from Plaintiff's packet.  *Id*.; *Lansing Decl.* ¶ 7. Consequently, Preciado returned the packet to HACLA requesting that they provide a completed packet.  *Preciado Decl.* ¶ 3.

On December 12, 2005, the SMHA received the completed portability packet from HACLA, included in which was medical verification of Plaintiff's need for an extra bedroom in excess of subsidy standards signed by one of Sudduth's treating physicians.  *Id.* at ¶ 9.  On that form, Plaintiff's physician checked a box next to a pre-printed paragraph which provides:  "I am verifying that [Plaintiff] has a legitimate medical need for an additional bedroom because [Plaintiff] needs 24-hour-live in care, or has another equally compelling reason.  I understand that the U.S. Department of Housing and Urban Development audits the Housing Authority's determinations of bedroom size on an annual basis."  *See* Ex. A.  Then, the physician wrote on the form that Plaintiff needed an additional bedroom because "he anticipates receiving equipment to compensate for his visual impairment that requires significant space to use correctly.  Mr. Sudduth is legally blind."  *Id.*  The form was signed by the physician and dated February 2, 2004. *Id.*

On December 15, 2005, Preciado met with Plaintiff to review some documents in support of his portability packet.  *Preciado Decl.* ¶ 10.  At this meeting, Preciado asked Plaintiff if he ever obtained the equipment referenced in the medical verification form, which, at this point in time, was almost two years old.  *Id.*  Plaintiff responded that the equipment was broken.  *Id.*  Preciado then informed Plaintiff that HUD regulations required her to determine whether Plaintiff was currently eligible for the requested Section 8 relief.  *Id.*  Plaintiff responded that he did not have any local doctors who could provide current certification for his need for a second bedroom, and he also stated that he would not provide Preciado with such certification.  *Id.*; *Lansing Decl.* ¶ 9. He then walked out of Preciado's office and insisted on speaking wither her supervisor, Julie Lansing ("Lansing").  *Preciado Decl.* ¶ 11.

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. Ronald Barefield | | |

Lansing met with Plaintiff, who expressed his dissatisfaction with Preciado's explanation for why his request for a two bedroom apartment had yet to be processed. *Lansing Decl.* ¶ 12. Lansing explained to Plaintiff that HUD required the medical verification for the extra bedroom. *Id.* Plaintiff then told Lansing that he did not have the equipment. *Id.*

On December 21, 2005, Preciado, at Lansing's suggestion, telephoned the physician who had filled out the medical verification form in 2004. *Preciado Decl.* ¶ 12. The physician told Preciado that she had no idea if Plaintiff received the medical equipment referenced in the form and had not had any contact with him since he relocated to Los Angeles in 2004. *Id.* In an attempt to help Plaintiff, Preciado then sent the physician a new certification form. *Id.* That same day, Preciado faxed the same form to another doctor mentioned in Plaintiff's file. *Id.*; *see also* Ex. B (copies of letters sent to both physicians). Preciado never received a written response from either physician. *Preciado Decl.* ¶ 12.

On December 29, 2005, Lansing and Preciado held a telephone conference with Plaintiff. *Preciado Decl.* ¶ 13; *Lansing Decl.* ¶ 13. Lansing informed Plaintiff about Preciado's conversation with his former physician and also told him that the SMHA had yet to receive responses to the letters sent by Preciado on December 21, 2005. *Preciado Decl.* ¶ 13; *Lansing Decl.* ¶ 13. Lansing then told Plaintiff that the SMHA could not issue him a two bedroom unit. *Lansing Decl.* ¶ 13. Plaintiff shouted that he would not accept a one bedroom unit, stated that he would contact HUD, and hung up the phone. *Preciado Decl.* ¶ 13; *Lansing Decl.* ¶ 14.

As it turns out, Plaintiff's Section 8 voucher expired on February 6, 2006 and he never submitted a Request for Lease approval. *Preciado Decl.* ¶ 14; *Lansing Decl.* ¶ 15. Because of these failures, Preciado returned the portability packet to HACLA on February 7, 2006. *Preciado Decl.* ¶ 14; *Lansing Decl.* ¶ 15.

On May 27, 2008, Plaintiff, proceeding *pro se*, filed a complaint against Ronald Barefield ("Barefield"), Peter Mezza ("Mezza"), Robert Holbrook ("Holbrook"), Preciado, Lansing, the SMHA, and the City of Santa Monica (collectively, "Defendants"). During the relevant time period, Barefield was the housing manager for the City of Santa Monica in its Housing and Redevelopment division. *Preciado Decl.* ¶ 19. Barefield never worked on Plaintiff's housing application, nor did he make any housing decisions with respect to Plaintiff's housing application.

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. Ronald Barefield | | |

*Id.* Holbrook, in comparison, was a Santa Monica City Councilmember who, at all relevant times, never worked on Plaintiff's application and who never made any decisions with respect to Plaintiff's application. *Id.* at ¶ 18. And, lastly, Mezza was the housing authority administrator in the Housing and Redevelopment division. *Id.* at ¶ 20. He also never worked on Plaintiff's housing application, nor did he make any housing decisions with respect to Plaintiff's housing application. *Id.*

In his complaint, Plaintiff asserts two claims, one under Title VIII of the Civil Rights Act, commonly known as the Fair Housing Act ("FHA"), as amended 142 U.S.C. § 3601 *et seq.*, and the other under the Americans with Disabilities Act, 42 U.S.C. § 1201. On August 13, 2009, Defendants filed a Motion for Summary Judgment. Plaintiff never filed a formal opposition.

II.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 256 (citations omitted) .

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|----------|------------------------|------|---------------------|
| Title | Roy Sudduth v. Ronald Barefield | | |

admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue.  *See* Fed. R. Civ. P. 56(e).

III.   Discussion

Presently, Defendants move for summary judgment on both claims asserted against them. The Court considers each claim in turn.  First, though, the Court notes that although Plaintiff has failed to formally file an opposition to Defendants' Motion for Summary Judgment, he has raised two objections to Defendants' Motion in connection with a request for reasonable accommodations.  *See Request for Reasonable Accommodations* (Dkt. # 55).  Specifically, Plaintiff argues that Defendants' Motion is frivolous because it is "one sided evidence" and based on hearsay evidence.  For the reasons that follow, the Court overrules these objections.

With regard to Plaintiff's first contention, the proper way to challenge "one-sided evidence" is by presenting evidence that controverts that evidence.  *See* Fed. R. Civ. P. e(2).  This Plaintiff has failed to do.  Accordingly, the Court overrules this objection.

Turning now to Plaintiff's second contention, he is correct that Defendants' Motion for Summary Judgment, which heavily relies on the declarations of Preciado and Lansing, is based on hearsay statements.[2]  However, Plaintiff is incorrect that these declarations are inadmissible. Pursuant to Federal Rule of Civil Procedure 56(e), affidavits in support of a motion for summary judgment must "set out facts that would be admissible in evidence . . . ."  Fed. R. Civ. P. 56(e). Both Preciado and Lansing testify to matters made on personal knowledge and Plaintiff does not argue that they are incompetent to testify on the matters stated.  *See* Fed. R. Evid. 602.  Also, the only relevant out-of-court statements that would be elicited at trial concern statements made by Plaintiff.  Those statements are not, however, hearsay, for they are properly considered party admissions.  *See* Fed. R. Evid. 801(d)(2) (noting that admissions by party-opponents are not hearsay).  Therefore, in light of the foregoing, the Court finds that it may consider those declarations submitted by Defendants in support of their Motion for Summary Judgment.

A.   Plaintiff's FHA Claim

---

[2] Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. Ronald Barefield | | |

In his complaint, Plaintiff alleges that Defendants violated the FHA, 42 U.S.C. § 3601 *et seq*., because they discriminated against him on the basis of race, religion, or disability. As evidence of this discrimination, Plaintiff points to the fact that Defendants did not fulfill his request for a second bedroom. Defendants presently move for summary judgment on this claim. For the reasons that follow, the Court finds that summary judgment is properly entered in their favor on this claim.

Section 804 of the FHA provides in relevant part that:

it shall be unlawful --

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a), (b) (emphasis added). Section 804(f) of the FHA extends the same protection to the disabled. *Id.* § 3604(f)(1), (2). Like many other civil rights claims, the legal analysis employed under the Fair Housing Act is subject to the burden shifting standard set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Asbury v. Brougham,* 866 F.2d 1276, 1279 (10th Cir. 1989); *Selden Apartments v. U.S. Dep't of Housing and Urban Dev.,* 785 F.2d 152, 160 (6th Cir. 1986). Thus, the plaintiff has the burden of production to demonstrate a prima facie case of discrimination. *Reynolds v. Quarter Circle Ranch, Inc.*, 280 F. Supp. 2d 1235, 1241 (D. Colo. 2003). The burden of production then shifts to the defendant to articulate a nondiscriminatory reason for the action taken. *Id.* The burden of production then shifts back to the plaintiff to demonstrate that the defendant's nondiscriminatory reason is, in fact, a pretext for discrimination. *Id.*

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. Ronald Barefield | | |

To establish a prima facie case of discrimination under the FHA, Plaintiff must prove that: (1) he is a member of a protected class; (2) he applied for and was qualified to rent a two bedroom apartment; (3) he was denied the opportunity to rent the apartment; and (4) the housing opportunity remained available. *See Asbury*, 866 F.2d at 1279-80.

Even assuming the Court was to conclude that Plaintiff has established that he is a member of a protected class, the Court would nevertheless find that he has failed to establish a prima facie case of discrimination. In accordance with HUD regulations, the SMHA requested that Plaintiff provide verification of his medical need for a second bedroom. Plaintiff failed to provide such verification and, indeed, indicated that he would not, or at the very least could not, provide the verification. Thus, Plaintiff has failed to establish that he was qualified to rent the two bedroom apartment. As this is an essential element of Plaintiff's claim for which he bears the burden of proof at trial, and since Plaintiff has failed to produce the required proof, summary judgment is therefore properly granted in Defendants' favor. *See Celotex*, 477 U.S. at 323.

Additionally, the Court notes that even if the Court found that Plaintiff had established a prima facie case of discrimination, summary judgment would nevertheless be appropriate because Defendants have articulated a nondiscriminatory reason for the action taken and Plaintiff has failed to show that the proffered nondiscriminatory reason is, in fact, a pretext for discrimination. Defendants have produced uncontroverted evidence that shows that Plaintiff was denied the extra bedroom because he could not provide the SMHA with the proper verification to establish the need for said bedroom. Plaintiff has not produced any evidence to rebut this point. Accordingly, summary judgment is appropriate for this reason as well.

Lastly, the Court notes that Plaintiff's inclusion of certain defendants in this action appears to be in error. The Court makes this observation particularly with respect to Holbrook, Barefield, and Mezza. There is uncontroverted evidence that none of these defendants were involved in the denial of Plaintiff's request in any way whatsoever. *See Lansing Decl.* ¶¶ 18-20.

B. <u>Plaintiff's ADA Claim</u>

In his complaint, Plaintiff also alleges that Defendants violated the ADA because they discriminated against him on the basis of race, religion, or disability. Again, as evidence of this discrimination, Plaintiff points to the fact that Defendants did not fulfill his request for a second

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|----------|------------------------|------|---------------------|
| Title | Roy Sudduth v. Ronald Barefield | | |

bedroom.  For the reasons that follow, the Court agrees with Defendants that there is an absence of a genuine issue of material fact with respect to this claim and, therefore, summary judgment is properly entered in their favor.

Like the FHA, Title II of the ADA prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability.  *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

There is no material dispute of fact with regard to this third element.  As discussed above, the uncontroverted evidence shows that Defendants denied Plaintiff's request because he failed to provide the required medical verification.  Thus, because there is no evidence that shows, much less even suggests, that Defendants denied Plaintiff's request on the basis of his disability, summary judgment is properly entered in Defendants' favor.

For these reasons, then, the Court finds that there is an absence of a genuine issue of material fact with respect to Plaintiff's ADA claim.[3]

---

[3] In their Motion for Summary Judgment, Defendants also move for summary judgment on a non-existent claim purportedly brought by Plaintiff under Section 504 of the Rehabilitation Act.  *See* 29 U.S.C. § 794(a).  Because Plaintiff does not assert a claim under Section 504, the Court declines to consider Defendants' argument on this point.  Nevertheless, the Court observes that even if it were to consider that argument, it would likely agree with Defendants because, to prevail on a Section 504 claim, plaintiffs must establish, *inter alia*, that they were discriminated against because of their disability.  *Lovell*, 303 F.3d at 1052.  As noted above, such discrimination is undoubtedly missing from this action.

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3457 PSG (JWJx) | Date | September 10, 2009 |
|----------|------------------------|------|---------------------|
| Title | Roy Sudduth v. Ronald Barefield | | |

C.       Plaintiff's *Monell* Claims

Plaintiff also seeks to hold the SMHA and the City of Santa Monica liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  In *Monell*, the Supreme Court decided that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.  *Id.* at 694-95.  In other words, *respondeat superior* or vicarious liability will not attach under § 1983.  *Id.*  "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983."  *City of Canton v. Harris*, 1489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

A court required to rule on *Monell* liability must consider the threshold question of whether the defendants' conduct violated a constitutional right.  *See Monell*, 436 U.S. at 694-95.  In this case, Plaintiff has failed to demonstrate that any defendant violated his constitutional rights.  Accordingly, *Monell* liability does not attach.

IV.       Conclusion

Based on the foregoing, the Court GRANTS Defendants' Motion for Summary Judgment.  All pending dates are hereby vacated.

**IT IS SO ORDERED.**